Judge Mills
delivered the opinion.
The appellant exhibited his bill in the court below, setting up an entry against elder grants. His entry was surveyed in 1798, and o;* that survey the patent issued. His entry was sustained by the court below, andan interlocutory decree rendered in his favor. On a petition for that purpose, the court below set aside the decree, and the appel-lee filed an amended answer, setting forth that he had just discovered that the same entry was previously surveyed in 1786, and the survey recorded, and exhibited a copy. On the next hearing, the court dismissed the bill. From that decree thi3 appeal is prayed.
According to principles previously settled in this court, a survey, executed and recorded, extinguishes the auti ority derived from the warrant, and no new survey can be made. The production of the copy is at least prima facte evidence that the survey was made, and that it was doae under the authority of the holder, and rests on the other side to shew that the survey was made without bis consent or approba-lion, which in tins case has not been done. The only mode, then, of avoiding the effect of it, is, by shewing that the ancient survey covers the ground occupied by the new. For as the eldest is the only legal survey, the patent must be for the same ground, and not for that covered by the unauthorised and void survey, it rested, then, upon the appellant to shew, that the ground patented was that of the old survey; and this bebas failed todo, it would seem by the calls of both surveys, when compared, that they are both In the same neighborhood, and probably not far from each other; but the calls are so variant, that they *502 fail of proving identity, and there is nothing else in the re*-corc* which exhibits to us their true relative position.
The decree must, therefore, be affirmed with costs.